## SUPREME COURT — NEW YORK SPECIAL TERM.

### November, 1919.

### THE PEOPLE v. JAMES SCOPAS..

#### (109 Misc. 180.)

BAIL—CONTINUING OF—WHEN SURETY'S MOTION DIRECTING REPAYMENT OF
FORFEITED BAIL DENIED—TRIAL—CRIMINAL LAW—VERDICT—ARREST.

> After denying a motion to direct a verdict of acquittal, the court,
> continuing defendant's bail, granted an adjournment to enable him to
> procure witnesses to testify in his behalf, but upon the reconvening of
> the court he was not present, and though the court remained in session
> for several hours, he did not appear, and having again failed to appear
> the next morning when the trial was to be continued, his bail was for-
> feited and his surety paid the money. Later defendant was arrested in
> another state on a bench warrant and again put upon trial before another
> judge; the same witnesses were examined and a motion for the direction
> of an acquittal was made and granted, but the district attorney refused
> to give a certificate that the people had lost no rights. *Held*, that the
> people having been put to the expense of a retrial, the surety's motion
> for an order directing the repayment to him of the amount of the bail
> must be denied.

MOTION by the surety for an order directing the comptroller
of the city of New York to refund to the said surety the sum
of $1,000 heretofore paid to him in satisfaction of a judgment
entered on the forfeiture of a bail bond.

*William G. Keir,* for motion.

*Edward Swann, District Attorney (Robert S. Johnstone,
Assistant District Attorney,* and *George A. Lavelle, Deputy
Assistant District Attorney,* of counsel), opposed.

GIEGERICH, J.:

The surety moves for an order to direct the comptroller to
pay to it the sum of $1,000, representing the amount of bail
forfeited under the following circumstances: The defendant's
case was called for trial on January 16, 1919, and three wit-

nesses were examined on behalf of the People, which completed the People's case. A motion was then made for the direction of a verdict of acquittal on the ground that the People had failed to make out a case. This motion was denied. The defendant's attorney then requested a recess until two-thirty P. M., and that the defendant be continued on bail on the ground that he desired to go uptown to procure the attendance of some witnesses who were to testify in his behalf. The adjournment was granted, but when the court reconvened the defendant was not present. The court remained in session until four P. M., up to which time the defendant failed to appear. An adjournment was then taken until ten-thirty A. M. the following morning, at which time the court reconvened for the purpose of continuing the trial. The defendant again failed to appear, whereupon the court ordered the bail forfeited, and and later the money was paid over by the surety. On January 23, 1919, the defendant was arrested in Connecticut under a bench warrant, and brought back to this city and committed to the city prison, and on February 4, 1919, he was again placed on trial, but before another judge. The same witnesses were called and examined, and again a motion for the direction of an acquittal was made and was granted by the judge then presiding. The district attorney subsequently refused to give a certificate that the People had lost no rights, and this motion was made. I think the district attorney was right, and that the motion should be denied. Even assuming that the same witnesses testified in the same way on the second trial, and that the People lost no rights in that respect, the fact remains that they were put to the expense of a retrial. Moreover, it is not in the interests of justice and orderly and efficient procedure that a defendant be permitted thus to speculate on the action of the court. No reason or excuse whatever is given for the failure of the defendant to appear to go on with his trial, nor for his disappearance from the state.

Motion denied, with ten dollars costs.